IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHUN HUI LIN,<br><br>    *Plaintiff,*<br><br> v.<br><br>MID-CENTURY INSURANCE COMPANY,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 20-3876 |

**PAPPERT, J.**                         **September 24, 2020**

**MEMORANDUM**

    Chun Hui Lin sued Mid-Century Insurance Company in the Philadelphia County Court of Common Pleas on June 4, 2020 to recover underinsured motorist benefits for injuries allegedly sustained in a motor vehicle accident.[1]  Lin filed an Amended Complaint on July 22 adding claims of bad faith and breach of contract against Mid-Century.  On August 10, Mid-Century removed the case to this Court based on diversity jurisdiction.

    Lin moves for remand arguing that removal was untimely under 28 U.S.C. § 1446(b) because Mid-Century filed its removal notice more than thirty days after it received Lin's initial Complaint.  (Pl.'s Mot. to Remand, ECF No. 7.)  Mid-Century contends that removal was timely because it could not ascertain that the value of Lin's claims exceeded $75,000 until Lin filed his Amended Complaint.  (Def.'s Resp. to Mot. to Remand, ECF No. 9.)  The Court grants the Motion to Remand.

I

---

[1] Lin's Complaint misidentified Farmers Insurance Company as the defendant.  (*See* ECF No. 7 Ex. A.)  The Court amended the case caption pursuant to a stipulation signed by counsel to the parties on August 17 naming Mid-Century as the proper defendant.  (ECF No. 6.)

1

Lin's initial one count Complaint sought recovery of underinsured motorist benefits. (Compl. ¶¶ 10–18, ECF No. 7 Ex. A.) Lin alleged that he suffered numerous injuries from a motor vehicle accident on July 18, 2019 for which Lin alleged "[t]he other vehicle was entirely at fault." (*Id.* at ¶¶ 4–5.) Lin's alleged injuries include:

> [H]erniated discs at C3-C4 and C5-C6, along with Radiculopathies at C5-C6, C3-C4 and C4-C5, as well as Radiculopathy at L5-S1, all of which were objectively confirmed with an EMGs [sic]; Cervical Strain and [S]prain and Lumbar Strain and Sprain as well as outstanding medical bills in the amount of $2,100.00 for the treatment of said traumatic injuries, embarrassment, humiliation and loss of life's pleasures which were not adequately compensated.

(*Id.* at ¶ 15.)

Lin's Mid-Century policy included Underinsured Motorist Coverage "for all passengers in the 'stacked' amount of $100,000.00 per person, $200,000.00 per accident." (*Id.* at ¶¶ 3, 9, 12.) On or about April 15, 2020, Geico Insurance Company, the insurer for the other driver in the accident, tendered the driver's liability policy limit of $15,000 in response to Lin's demand for $124,500. (*Id.* at ¶ 7.) Mid-Century gave consent to accept Geico's policy limit on April 28. (*Id.* at ¶ 13.) On May 27, Mid-Century offered Lin $5,000 to resolve his underinsured motorist claim after it received five years of Lin's prior medical records. (*Id.* at ¶ 14.) Believing that Mid-Century "failed to timely and fairly adjust" Lin's claim, (*Id.* at ¶ 16), Lin filed this lawsuit demanding judgment against Mid-Century "for an amount in excess of the compulsory arbitration limits, " (*Id.* at 4), which in the Philadelphia Court of Common Pleas is $50,000.

Lin's July 22 Amended Complaint contained the same facts and allegations but added two counts alleging that Mid-Century engaged in bad faith in violation of 42 Pa. Cons. Stat. § 8371 and breached its insurance contract with Lin by failing to reasonably evaluate Lin's claims. (Am. Compl. ¶¶ 20–30.) For each count, Lin demanded judgment

"for an amount in excess" of the compulsory arbitration limits. *See generally (id.)*. Lin also claimed that Mid-Century's bad faith rendered it liable "for compensatory and punitive damages, together with interest, attorneys' fees and such other relief as the Court deems appropriate." (*Id.* at ¶ 23.)

Mid-Century argues that the initial Complaint "failed to put Mid-Century on notice that the amount in controversy was in excess of $75,000" because it: (1) failed to specify that Lin sought damages in excess of $75,000; (2) failed to specify the types of medical treatment Lin received for his injuries; (3) failed to quantify damages beyond identifying outstanding medical bills of $2,100; and (4) failed to assert claims for future medical treatment, lost wages or loss of earning capacity. (*Id.* at 5, 7–8.) Mid-Century contends that "the failure to claim permanent injuries necessitating ongoing treatment with resultant economic damages lead [sic] Mid-Century to conclude that the jurisdictional threshold <u>had not</u> been met." (*Id.* at 9) (emphasis in original).

Mid-Century then asserts that the Amended Complaint gave notice that the amount in controversy exceeded the jurisdictional minimum because Lin's bad faith claim made a demand for punitive damages and "[a] demand for punitive damages will generally satisfy the jurisdictional amount." (*Id.* at 11) (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004)). Mid-Century purportedly "relied on the addition of the Bad Faith claim to establish the amount in controversy threshold necessary for diversity jurisdiction," so that claim triggered the thirty-day removal period. (*Id.* at 11–12.)

II

A defendant is required to file a notice of removal within thirty days of receiving the initial pleading setting forth the claim(s) for relief in a civil action. *See* 28 U.S.C. § 1446(b)(1). Where an initial pleading does not state a removable case, a defendant may file for removal within thirty days of receiving of "an amended pleading, motion, order or

other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In general, "[t]he thirty-day [removal] period begins to run when a defendant can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998); *see also Huberman v. Interval Leisure Grp., Inc.*, No. 15-1560, 2015 WL 2365585, at *2 (E.D. Pa. May 18, 2015) (same).

"The general federal rule is to decide the amount in controversy from the complaint itself." *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)). Where a claim for damages is open-ended, "[t]he court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus*, 989 F.2d at 146).

"[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). "The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Manning v. Merill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)).

III

Mid-Century could have reasonably and intelligently concluded that the amount in controversy exceeds $75,000 from the four corners of Lin's initial Complaint based on the nature of the injuries alleged.[2] The initial Complaint does not, as Mid-Century suggests,

---

[2] Lin relies in part on the fact that his settlement demand was $125,400. Some courts in this Circuit view a plaintiff's demand as the presumptive amount in controversy in personal injury cases.

assert mere "boilerplate allegations of injury." (Def.'s Resp. to Mot. to Remand at 6, ECF No. 9) (citing *Bishop v. Sam's East, Inc.*, No. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009)). Rather, the Complaint specifies, *inter alia*, that Lin has sustained cervical disc herniations at C3-C4 and C5-C6. (Compl. ¶ 15.) "Other courts have estimated treatment for herniated discs to begin at $250,000." *Romano v. Wal-Mart Stores East, LP, et al.*, No. 16-7420 (RBK/AMD), 2017 WL 119471, at *2 (D.N.J. Jan. 11, 2017) (citing *Ortiz v. Richmond Elevator Co., Inc.*, No. 15-CV-672 CCC-JBC, 2015 WL 5945433, at *3 (D.N.J. Sept. 29, 2015) (identifying damages awards ranging from $250,000 to $500,000 made to plaintiffs in New Jersey state courts for cervical disc herniation)).

Moreover, Lin's alleged injuries taken together are well-aligned with injury allegations other courts in this district have found sufficient to satisfy the amount in controversy for diversity jurisdiction. *See, e.g.*, *Clark v. Windlebleck*, No. 11-cv-01358, 2012 WL 1033536, at *4 (E.D. Pa. Mar. 28, 2012) (finding plaintiff's allegations "that she suffered a significant injury to her lumbar spine, including a herniated disc and a pinched nerve, an injury to her cervical spine, which includes a whiplash injury, and that she suffers from muscle spasms of her back, pain and tenderness to her neck and a decreased range of motion in her neck and back, and that she now suffers from headaches as a result of [a vehicle] collision" sufficient to demonstrate the jurisdictional amount in controversy); *Howlett v. Irwin*, No. 10-465, 2011 WL 722373, at *2 (E.D. Pa. Mar. 1, 2011) (concluding amount in controversy satisfied where plaintiff alleged, after an automobile accident,

---

*See, e.g.*, *Ipjian v. Conaway*, No. 1:CV-02-2117, 2003 WL 1699325, at *2 (M.D. Pa. Feb. 13, 2003) ("In cases involving claims for personal injuries, where damages are indeterminate prior to resolution on the merits by the fact-finder, the plaintiff's demand supplies the presumptive, although not conclusive, amount in controversy."); *Int'l Fleet Auto Sales v. Nat'l Auto Credit*, No. 97-CV-1675, 1999 WL 95258, at *4 (E.D. Pa. Feb. 22, 1999) ("where damages are indeterminate by their nature (prior to resolution on the merits by the fact-finder), the plaintiff's demand supplies the presumptive amount in controversy, though it is not necessarily conclusive."). Given the alleged injuries, the Court did not need to focus on Lin's demand.

economic damages and "that he suffered serious injury, including disc herniation, serious impairment to bodily function, and has suffered and may continue to suffer pain, discomfort, trauma, anxiety, and/or mental anguish, and has been prevented from engaging in his usual activities").  Particularly given the Court's responsibility to resolve any doubts in favor of remand, Lin's initial Complaint provided Mid-Century notice that the amount in controversy exceeded the $75,000 jurisdictional minimum.

      An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*  
GERALD J. PAPPERT, J.
